UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR H. BOELTER;
ALLISON BRYCE BOELTER; AND
ARTHUR H. BOELTER P.S., INC., D/B/A
BOELTER AND ASSOCIATES,

Petitioners,

v.

UNITED STATES OF AMERICA;
G. DANIEL KEAHEY, III; AND
INTERNAL REVENUE SERVICE

Respondents.

No. C 05-689 Z

ORDER

Arthur Boelter, Allison Bryce Boelter, and Arthur H. Boelter P.S., Inc., d/b/a Boelter and Associates filed petitions to quash the IRS summonses issued to the Bank of America (C05-0777Z), Prudential Securities (C05-0690Z), and Verity Securities (C05-0689Z). The Court ordered all cases consolidated under Civil No. C05-689 for all further filings. See Order, docket no. 6. The three petitions to quash present identical issues with identical government responses. Petitioners have submitted their Reply to the Government's Opposition to these petitions to quash. See Reply, Civil No. 05-777, docket no. 10.

Arthur Boelter is an Executive Vice President for International Taxation with Foster & Dunhill, Ltd. Keahey Decl., docket no. 4, ¶ 4. Mr. Boelter serves as an expert lecturer for Foster & Dunhill's "Offshore Planning Conferences." Id. at ¶ 29. He is a former IRS

ORDER 1–

employee and tax lawyer with a private practice incorporated as Arthur H. Boelter P.S., Inc., d/b/a Boelter and Associates. Boelter Decl., docket no. 11, ¶¶ 7, 8. The IRS is investigating Mr. Boelter to determine whether he is liable under 26 U.S.C. §§ 6700, 6701 for promoting abusive tax shelters.

In accordance with their investigation, the IRS issued summonses under 26 U.S.C. § 7602 to Verity Credit Union, Prudential Securities, Inc., and Bank of America, asking for bank records and financial information for Mr. Boelter, Mrs. Boelter, and Boelter and Associates. See Petition to Quash, docket no. 1, at 8. These Petitions to quash the third-party summonses under 26 U.S.C. § 7609(b)(2) followed.

The inquiry to defeat a petition to quash a summons is the same as the inquiry to enforce a summons. Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999). The government must show that (1) the IRS is conducting the investigation for a legitimate purpose; (2) that the inquiry may be relevant to that purpose; (3) that the information sought is not already in the government's possession; and (4) the IRS has followed the administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)). The burden is minimal because the statute is read broadly "to ensure that the enforcement powers of the IRS are not unduly restricted." Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1993).

The government alleges that the Powell factors are established. See Keahey Decl., docket no. 4, ¶¶ 3, 9, 8, 10. After an investigating agent asserts the requirements are satisfied, the burden shifts to the other party to show that one of the factors is not met, or that the summons was issued in bad faith. See Liberty Fin. Servs., 778 F.2d at 1392. Petitioners' argue that the inquiry is not relevant to the IRS's purpose, the summons is overbroad and

ORDER  2–

would violate the attorney-client privilege, and that the IRS has not followed all of the administrative steps required by the Internal Revenue Code.

Under § 7602(b), action can be taken for the purpose of "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." These actions include examining any "books, papers, records, or other data which *may be* relevant or material to such inquiry" and summoning those having possession, custody, or care of these records. 26 U.S.C. § 7602(a) (emphasis added). The inquiry under Powell's relevance factor is whether the records may throw light on liability. See United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980). The "might throw light upon" standard indicates a realistic expectation, not just an idle hope, that something relevant may be discovered. Id. The production of the financial records may show financial dealings covered by the broad statutory language of § 7602(a). See also United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (the IRS has no way of telling whether the records are relevant or not until they are obtained and scrutinized). The Court concludes the records meet the low relevance threshold under Powell.

Petitioners also claimed that the financial records might reveal the identities of Mr. Boelter's clients, thus violating the attorney-client privilege. See Petition to Quash, docket no. 1, ¶¶ J, U. However, Petitioners later conceded that "[a]dmittedly, the identities of an attorney's clients are generally not covered by the attorney-client privilege." Petitioners' Reply, docket no. 10, at 4. "As a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege." United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995), cert. denied, 519 U.S. 911 (1996). Bank records that may disclose transactions between attorney and client are not protected by the privilege because it is not part of their confidential relationship. Harris v. United States, 413 F.2d 316, 319-320 (9th Cir. 1969). The Court

ORDER   3–

1  concludes that Petitioners' attorney-client argument should not result in the quashing of the
2  subpoenas at issue.

3  Petitioners also argued that the IRS did not provide notice to Boelter and Associates
4  as required under 26 U.S.C. § 7609(a)(1).  However, Petitioners do not raise this argument in
5  their Reply, and the record indicates that proper notice was given.  Keahey Decl., docket no.
6  4, ¶¶ 5-7.  Lastly, the Court rejects Petitioners argument that the IRS necessarily should have
7  issued a John Doe summons.  The IRS need not comply with the additional requirements of
8  § 7609 "as long as the information sought is relevant to a legitimate investigation of the
9  summoned taxpayer."  Liberty Fin. Servs., 778 F.2d at 1393 (quoting Tiffany Fine Arts, Inc.
10 v. United States, 469 U.S. 310 (1985)).

11 The petitions to quash the IRS summonses issued to the Bank of America, Prudential
12 Securities, and Verity Securities, are DENIED.

14 IT IS SO ORDERED.
15 Dated this 26th day of July, 2005.

17 *[signature]*
    Thomas S. Zilly
18  United States District Judge

ORDER  4–